OPINION
{¶ 1} Defendant-appellant, Shawn R. Seavey, appeals his judgment entry of sentence from the Ashtabula County Court of Common Pleas. Due to the Ohio Supreme Court's recent decision inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand this matter for resentencing.
 {¶ 2} On October 6, 2004, appellant was convicted, following a jury trial, of one count of Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11. The conviction resulted from a domestic incident which occurred on February 14, 2004. Seavey, who was estranged from his wife, Sabrina, arrived at the home of Sabrina's parents, where she was living at the time. An argument ensued, and Seavey pushed Sabrina down a flight of stairs, resulting in serious physical injuries requiring hospitalization, including a permanent brain injury.
 {¶ 3} On December 28, 2004, the trial court sentenced Seavey to serve eight years, the maximum term of imprisonment, with credit for 316 days served, and ordered Seavey to pay restitution for any medical and hospital bills incurred as a result of Sabrina's injuries.
 {¶ 4} Seavey timely appealed only from the trial court's judgment entry of sentence, assigning the following as error:
 {¶ 5} "The Ashtabula County Court of Common Pleas erred to the prejudice of appellant when it sentenced him to the maximum sentence for a second degree felony rather than the minimum sentence for a second degree felony without the jury having made the findings necessary to justify a prison term in excess of the minimum term for a defendant who had never served a prison sentence and that the defendant had committed the worst form of the offense."
 {¶ 6} Based upon the Ohio Supreme Court's recent opinion inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at ¶ 97, holding that sentences premised upon findings required by R.C.2929.14(C) are unconstitutional under Blakely, appellant's sentence is void and must be remanded to the trial court for a new sentencing hearing. Id. at ¶ 103, citing State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085.
 {¶ 7} Upon remand, the trial court "shall consider those portions of the sentencing code that are unaffected" by the holding of Foster and is now free to "impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 105 (citation omitted).
 {¶ 8} We reverse the judgment entry of sentence of the Ashtabula County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Under this remedy, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
Rice, J., concurs, O'Neill, J., concurs in judgment only.